IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH A. HINTON,                          *
          Plaintiff,

                                 *

     v.                                          CIVIL ACTION NO.  AW-08-1460
                               *

JAMES W. RUDASILL, JR.,
          Defendant.                        *

                            ******

## MEMORANDUM OPINION

Plaintiff Kenneth A. Hinton filed this pro se Complaint, based on this Court's diversity jurisdiction, on or about June 4, 2008.  Plaintiff claimed that Defendant James W. Rudasill, Jr., his privately retained attorney, breached their contract and committed legal malpractice relative to Plaintiff's Maryland state court proceedings.  Paper No. 1.

### Procedural Background

On February 3, 2009, Defendant's Motion for Summary Dismissal was denied and the Court entered a scheduling Order.  Paper No. 14.  Plaintiff filed a status report, Motion for Summary Judgment, Request for Early Settlement, Motion for Disposition on Plaintiff's Motion for Summary Judgment,  Motion for Default, Motion to Treat Defendant's Failure to Timely Respond as a Concession, and Request for Appointment of Receiver.  Paper Nos. 19, 20, 21, 23, 26, and 29.  On August 28, 2009,  Defendant was granted 20 days to show cause why judgment should not be entered in favor of Plaintiff.   No response having been received, on November 19, 2009, the undersigned entered judgment in favor of Plaintiff and against Defendant, and stayed the entry of the judgment for fourteen days pending Defendant's filing any reconsideration request and responsive pleadings.  Paper No. 27.  Defendant filed a Motion to Vacate Default Judgment and Renewed Motion for Summary Judgment.   Paper No. 28.  Defendant's Motion to

Vacate was granted on December 22, 2009, and Plaintiff was directed to file any opposition to

Defendant's Motion for Summary Judgment on or before January 22, 2010.  Paper No. 31.  The

Court is in receipt of Plaintiff's oppositions. Paper Nos. 32-34.  No hearing is necessary.  *See*

Local Rule 105.6 (D. Md. 2009).  For the reasons stated below, the dispositive motion filed by

Defendant, treated as a Motion for Summary Judgment, will be granted, and  Plaintiff's

dispositive and non-dispositive motions will be denied.

### Background

The instant case arises out of Plaintiff's claim that Defendant's legal representation

constituted malpractice.  Plaintiff claims that on March 9, 2007, he appeared with Defendant in

the District Court of Maryland for Anne Arundel County for an initial hearing on a matter for

which a bench warrant had been issued.  Plaintiff states that prior to this appearance Defendant

did not advise him that a bench trial would be conducted,  and Plaintiff was not counseled

regarding the need to provide witnesses or other evidence.  Plaintiff claims that  due to

Defendant's "ineffective assistance, negligence, breach of duty, bad faith and legal malpractice"

he suffered loss of income, loss of liberty, and loss consortium with his family.  He also states

that was deprived of his Sixth Amendment right to effective assistance of counsel.  Paper No. 1.

Plaintiff further claims he was deprived of his right to appeal to the Circuit Court of

Maryland for Anne Arundel County because Defendant failed to advise the court that Plaintiff

was detained in the District of Columbia regarding another matter, for which Plaintiff alleges

Defendant failed to appear. *Id*.

Plaintiff filed suit against Defendant in the United States District Court for the District of

Columbia alleging numerous claims of legal malpractice, including the claim raised in the instant

case; to wit, that Defendant failed to explain the legal proceedings to him and failed to contact,

on Plaintiff's behalf, the clerk of the Maryland court.  Paper No. 28, Ex. 2, p. 5-6, 8-9.  *See*

*Hinton v. Rudasill*, Civil Action No. RWR-08-1073 (D. DC 2008).  The United States District

Court for the District of Columbia specifically found that Plaintiff's claims regarding

Defendant's representation of him in  Maryland failed to state a claim and dismissed those

claims.  In dismissing Plaintiff's complaint in its entirety, the court found that Plaintiff's claims

were either barred by res judicata or were not cognizable   *Id.*

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to a
> judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the

motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon

the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia*

*Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide

by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986)).

## Analysis

"Under *res judicata*, a final judgment on the merits bars further claims by the parties or their

privies based on the same cause of action."  *Montana v. United States*, 440 U. S. 145, 153 (1979)

(citation omitted).  The doctrine of *res judicata* encompasses two concepts: claim preclusion, and

issue preclusion, or collateral estoppel.  *See In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir.

1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The doctrine contemplates, at a minimum,

that courts not be required to adjudicate  nor defendants to address successive actions arising out of

the same transaction and asserting breach of the same duty.  *See Nilsen v. City of Moss Point, Miss.,*

701 F.2d 556, 563 (5th Cir. 1983).  For a prior judgment to bar an action on the basis of *res judicata,*

the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in

accordance with due process; the parties in the two actions must be either identical or in privity; and

the claim in the second action must be based upon the same cause of action involved in the earlier

proceeding.  *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).  The bar applies not only

to issues which were raised in the earlier action  but also to issues that could have been raised in the

earlier action.  *See Allen v. McCurry*, 449 U.S. at 94.

Federal courts  have adopted the "transaction test" to determine the identity of the causes of

action.  *See Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir. 1984).  Under this test, claims

are considered a part of the same cause of action when they arise out of the same transaction or

series of transactions.  In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. *Id*.  The doctrine of res judicata has been adopted to promote judicial efficiency and to foster a reliance on adjudication by putting an end to a cause of action once it has been litigated.  *See U.S. v. Tatum*, 943 F. 2d 370, 381 (4th Cir. 1991).

Comparing Plaintiff's  past filings with the present action, the Court finds that Plaintiff's claims arise out of the same transactions or occurrences.  Indeed, it appears Plaintiff continues to "forum shop" his complaint due in large part to a strong dissatisfaction with Defendant's representation of him in his federal criminal proceedings as well as his dissatisfaction with the determinations made by other courts in denying him relief. The *res judicata* implications of these facts are clear and the Court shall not revisit the claims in light of the estoppel effect of the prior ruling.

For the foregoing reasons, Defendant's Motion to Dismiss is granted,  Plaintiff's Motion for Summary Judgment is denied,  and the Complaint is dismissed.[1]  A separate Order follows.

Date:  February 25, 2010                                          _____/s/_____
                                                                 Alexander Williams, Jr.
                                                                 United States District Judge

---

[1] In light of the foregoing Plaintiff's non dispositive motions shall also be denied.